PONTIAC EMPLOYEES MUTUAL BENEFIT ASSOCIATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 14738, 14739, 19407.   Promulgated January 25, 1929.

*W. C. Magathan, Esq.,* and *J. Marvin Haynes, Esq.,* for the petitioner.

*W. F. Wattles, Esq.,* for the respondent.

OPINION.

SIEFKIN: These proceedings present for our determination the following issues: (1) Whether the petitioner is an organization exempt from income and profits taxes under sections 231 and 304 of the Revenue Acts of 1918 and 1921; (2) whether it is an association taxable in the same manner as a corporation; (3) whether it is entitled to deduct from gross income amounts credited to an account set up in its books as " Reserve for health, accident and death risks "; and (4) whether the dues received from its members should be included in its gross income.

We have decided the first and second issues adversely to the petitioner in a prior case. *Philadelphia & Reading Relief Association*, 4 B. T. A. 713. In that case we considered the issues involved at length and the decision there is controlling here as far as it is applicable.

Under the third issue counsel for the petitioner contends that as an insurance company it should be accorded the benefits of sections 234 (a) (10), (11), and (13) of the Revenue Acts of 1918 and 1921, or otherwise be permitted to deduct the annual additions to its reserve for losses. It is admitted on brief, however, that the requirements of section 234 (a) (11) can not be met in the instant case any more successfully than they were met in *Philadelphia & Reading Relief Association*, *supra*, where our decision on this point was adverse to the petitioner's contention.

Section 234 (a) (10) of the Revenue Act of 1918, provides, relative to deductions allowed corporations, as follows:

(a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:

\* \* \* \* \* \* \*

(10) In the case of insurance companies, in addition to the above: (a) The net addition required by law to be made within the taxable year to reserve funds (including in the case of assessment insurance companies the actual deposit of sums with State or Territorial officers pursuant to law as additions to guarantee or reserve funds); and (b) the sums other than dividends paid within the taxable year on policy and annuity contracts.

The corresponding section of the Revenue Act of 1921 reads:

(a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:

\* \* \* \* \* \* \*

(10) In the case of insurance companies (other than life insurance companies), in addition to the above (unless otherwise allowed): (A) The net addition required by law to be made within the taxable year to reserve funds (including in the case of assessment insurance companies the actual deposit of sums with State or Territorial officers pursuant to law as additions to guarantee or reserve funds); and (B) the sums other than dividends paid within the taxable year on policy and annuity contracts. After December 31, 1921, this subdivision shall apply only to mutual insurance companies other than life insurance companies.

It is clear that the petitioner is not entitled to a deduction under the provisions of section 234 (a) (10), since it was not required by law to make any addition to reserve funds. Cf. *Employes' Benefit Association of American Steel Foundries*, 14 B. T. A. 1168.

Section 234 (a) (13) of the Revenue Act of 1918 and section 234 (a) (13) of the Revenue Act of 1921, respectively, read as follows:

(a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:

\* \* \* \* \* \* \*

(13) In the case of mutual insurance companies (other than mutual life or mutual marine insurance companies) requiring their members to make premium deposits to provide for losses and expenses, there shall be allowed, in addition to the deductions allowed in paragraphs (1) to (10), inclusive, (unless otherwise allowed under such paragraphs) the amount of premium deposits returned to their policyholders and the amount of premium deposits retained for the payment of losses, expenses, and reinsurance reserves.

(a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:

\* \* \* \* \* \* \* \*

(13) In the case of mutual insurance companies (including interinsurers and reciprocal underwriters, but not including mutual life or mutual marine insurance companies) requiring their members to make premium deposits to provide for losses and expenses, there shall be allowed, in addition to the deductions allowed in paragraphs (1) to (10), inclusive, and paragraph (14), unless otherwise allowed, the amount of premium deposits returned to their policyholders and the amount of premium deposits retained for the payment of losses, expenses, and reinsurance reserves.

The petitioner is a mutual insurance company within the meaning of the regulations of the Commissioner. Article 1508, Regulations 45 and Regulations 65. It is also a mutual insurance company within the decisions of the courts. See *Citizens' Life Insurance Co.* v. *Commissioner of Insurance,* 128 Mich. 85; 87 N. W. 126. As a mutual insurance company it is entitled to deduct from gross income the amount of the premium deposits retained for the payment of losses, expenses, and reinsurance reserves, within the meaning of subdivision (13) of section 234 (a) of the Revenue Acts of 1918 and 1921, unless it is a mutual life insurance company within the meaning of those Acts. The question is whether the petitioner has lost the benefit of this provision by reason of the payment or agreement to pay death benefits on the lives of members in good standing.

It is our opinion that a benefit insurance association of the character of the petitioner is a mutual life insurance company within the meaning of the Act, because it pays a death benefit to members in good standing. It undertakes to pay benefits to its members in case of sickness, accident and death, and the history of the association is that during the taxable years most of its funds were paid out either for sick benefits or for payment of premiums to a life insurance company upon the lives of its members. The petitioner was a mutual life insurance company within the meaning of the taxing acts, and is excepted, by the language of the statutes, from the benefits of section 234 (a) (13) of the Revenue Acts of 1918 and 1921.

In its brief the petitioner makes an extended argument that the dues and assessments received by it from its members were not income within the meaning of the Sixteenth Amendment. It argues that they were contributions of capital and that under the statutes of the State of Michigan the members had an undivided interest in the assets of the Association. We can not grant the soundness of this argument. Under the taxing statute the petitioner is to be regarded the same as a corporation. The dues paid by the members become the property of the Association. They may be paid out for benefits or

for expenses or for any other legal purpose. We think that the dues thus derived from the conduct of a business constitute taxable income of the Association.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

LANSDON dissents.

———

SMITH, dissenting: Granted that the petitioner is not an association exempt from income and profits tax under the provisions of section 231 of the Revenue Acts of 1918 and 1921, I can not believe that a benefit association of the character of the petitioner is a mutual life insurance company within the contemplation of the taxing act.

In the construction of a taxing statute it is of the utmost importance to interpret it according to the intent of the legislative body enacting it. Under the decision of the Board in this case the petitioner is subject to a large income and profits tax for the fiscal years ended February 29, 1920, and February 28, 1921, upon the contributions of members. For the latter year the petitioner is subject to the provisions of the Revenue Act of 1921. Section 242 of that Act defines a life insurance company as—

\* \* \* engaged in the business of issuing life insurance and annuity contracts (including contracts of combined life, health, and accident insurance), the reserve funds of which held for the fulfillment of such contracts comprise more than 50 per centum of its total reserve funds.

Although there appears to be no provision of the Michigan statutes which requires any part of the amounts of money on hand at the close of the taxable year to be reserved for the fulfillment of its contracts, nevertheless, it is apparent that the entire amounts on hand are reserved for the fulfillment of such contracts and for the payment of its operating expenses.

The term "life insurance company," as used in all of the income-taxing statutes, appears to apply to the ordinary life insurance company which writes insurance and annuity contracts. The petitioner is, as stated in the majority opinion, a "local mutual benefit association." It undertakes to pay benefits to its members in case of sickness, accident, or death. If it were not for the provision that a benefit was to be paid in case of death, there would apparently be no ground for contending that the company was a life insurance company. But it is to be noted that the benefit paid in case of death in no case exceeded $175, which is presumably little more than enough to pay funeral expenses. It does not seem to me that the petitioner loses the benefits of section 234 (a) (13) of the taxing statutes merely by reason of the fact that it pays such death benefits. A

member is entitled to the death benefit only upon the condition that he is in good standing with the company at the date of death. If for any reason he should leave the employ of manufacturers in the City of Pontiac prior to the date of death his estate receives no benefits and he loses all right to contributions made to the association. It seems to me that a contract between the member and association is not a life insurance contract but merely a contract for limited benefits. For the foregoing reasons I am of the opinion that the petitioner was a mutual insurance company, not a mutual life insurance company, within the contemplation of section 234 (a) (13) of the Revenue Acts of 1918 and 1921.