UNITED RETAIL GROCERS ASSOCIATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 28116, 39287.    Promulgated May 20, 1930.

*George B. Keeler, Esq.*, for the petitioner.
*L. A. Luce, Esq.*, for the respondent.

1018

OPINION.

TRUSSELL: The petitioner is a trade association incorporated in 1907 pursuant to the Business Corporation Law of the State of New York. The powers, purposes and objects of the petitioner are set out in the findings and need not be repeated here. The petitioner is organized for profit, and the profits inure to the benefit of the stockholders; it is not disputed that the corporation is subject to the Federal income tax. The single issue for decision is whether the " dues " paid in by the stockholders are taxable income as determined by the respondent or contributed capital as claimed by the petitioner. The taxable years are 1922, 1923, and 1925. The year 1924 comes into consideration due to a net loss for that year which has been allowed as a deduction from net income for 1925.

There are four classes of membership in the petitioner: honorary, nonactive, class (a) active (stockholding), and class (b) active associate (nonstockholding). The honorary members pay no dues and may be dismissed from further consideration. The dues of nonactive members are at the rate of $2 per annum; the dues of active members, class (a) and class (b) are at the rate of $6 per annum. All members are equally entitled to the protection of the association and to the enjoyment of the benefits secured through membership. The privilege of subscribing to the capital stock of the petitioner is open to all members except honorary. The amount of stock allowable to active members is unlimited, but there are various provisions tending to discourage holdings of more than 10 shares. The stockholders alone are entitled to vote in the election of the board of directors and in the affairs of the corporation. Dividends of the surplus profits are authorized at the discretion of the board of directors, payable to the members who are stockholders.

The petitioner admits that the dues paid in by the nonstockholding members are income, but it contends that the dues paid in by the stockholders are to be distinguished in that there is no *quid pro quo*. We are unable to agree with this contention. We think

the petitioner overlooks the benefits and the advantages enjoyed alike by all of the sustaining members, and which are clearly distinguishable from the financial benefits and managerial privileges attaching to the capital investment of the stockholders. We have repeatedly held that trade associations are capable of performing valuable services for their members. See *Independent Brewing Co. of Pittsburgh*, 4 B. T. A. 870. That petitioner was a member of three trade organizations carried on by brewers, and we decided that the dues paid were properly deductible expenses because paid in return for valuable services. In *Richmond Hosiery Mills*, 6 B. T. A. 1247, that petitioner was a member of an organization of manufacturers having for its purpose the gathering of statistics on the importation of hosiery and other merchandise; the keeping of corporations advised as to tariff legislation; and the obtaining from corporations of information as to what they consider to be to their advantage in this regard; we again held that the dues were paid for valuable services. In *Mrs. H. A. Allen et al.*, 7 B. T. A. 1256, our conclusion was the same with reference to sums paid to an open shop association composed of employers of labor organized to protect themselves from what they believed to be the danger of Union labor. In *Best Brewery Co.*, 16 B. T. A. 1354, we reached the same conclusion relative to dues and fees paid to a brewers' association, which was a large trade organization of the principal brewers of the United States and which used its income for the promotion of the interests of the brewers' industry.

There is no evidence of the intention of the parties to contribute additional capital nor is there any evidence showing that the dues of the stockholders are accounted for on the books of the petitioner as paid-in surplus, or even that they are separately ticketed in any manner. All the dues are clearly paid in for membership, and they have no relation whatever to the stockholdings. The purchase of stock by a member does not alter the amount of the dues payable by him, nor does it relieve him of the obligation. Penalties for failure to pay the dues are as severe upon the stockholder as upon the nonstockholder. There is no essential difference in the character of the dues paid in by any of the various classes of sustaining members.

We have had occasion to consider a similar issue in at least two prior cases. In both of them there would appear to be a better basis than in the instant case for a claim of exclusion from gross income.

In *Employees' Benefit Association of American Steel Foundries*, 14 B. T. A. 1166, we decided that members' dues paid to a voluntary mutual benefit association were income to the association.

In *Pontiac Employees Mutual Benefit Association*, 15 B. T. A. 74, we considered members' dues paid in to a voluntary mutual benefit association, and in that case the petitioner made an extended argument that the members' dues were not income but rather were contributions of capital. We again decided, however, that the dues were income.

These decisions must be regarded as controlling in the instant case and we, therefore, conclude that the dues paid in to the petitioner by its stockholders should be included in gross income.

*Judgment will be entered for the respondent.*