OPINION. Eaum, Judge: Petitioner is a nonstock, membership corporation which during the taxable years in issue operated three department stores in the San Francisco Bay area. Only petitioner’s members and their guests were allowed to shop at these stores, which sold a broad line of goods and services purportedly at reduced prices. Membership in petitioner was not open to the public; it was restricted to active and retired government employees (Federal, State, and municipal) and, beginning in the second taxable year 'before us, veterans and widows of government employees. Memberships were for the life of the applicant, were issued for a fee of $2 (government employees and their widows) or $3 (veterans), and were nontransferable and nonassessable. The question before us is whether such fees, in the aggregate amounts of $51,382 and $88,824,[1] for petitioner’s fiscal years 1956 and 1957, respectively, are taxable as income. We hold that they are. It is important to note preliminarily that although petitioner may be labeled as a “non-profit” corporation in California, it is not in fact a nonprofit corporation. Indeed, such is petitioner’s contention, as set forth in its brief: Petitioner’s is a business and operation of general retail merchandising for profit, svtbstmtial profit. The most casual glance at petitioner’s balance sheets and income statements discloses profits, retained earnings and an annual rate of return on equity invested capital (memberships) which would be the envy of many conventional, profit seeking corporations. Accordingly, it is undisputed that petitioner itself is not exempt and that it is a taxable corporation under the Federal statute. The only matter in controversy is whether the so-called membership fees must be included in its gross income. At the outset, it must be remembered that in using the term “gross income” Congress has legislated so as to exercise its power within the full reach of its authority under the Constitution. As was stated in Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 429, 430: This Court has frequently stated that this language was used by Congress to exert in this field “the full measure of its taxing power.” [Citing cases] * * *. And the Court has given a liberal construction to this broad phraseology in recognition of the intention of Congress to tax all gains except those specifically exempted. [Citing cases] * * * The so-called membership fees herein were plainly of a type of receipt that is regarded as taxable income. Cf. Teleservice Co. of Wyoming Valley, 27 T.C. 722, affirmed 254 F. 2d 105 (C.A. 3), certiorari denied 357 U.S. 919; Keystone Automobile Club, 12 T.C. 1038, affirmed 181 F. 2d 402, 405 (C.A. 3) ; Chattanooga Automobile Club, 12 T.C. 967, affirmed 182 F. 2d 551 (C.A. 6); Automobile Club of Michigan, 20 T.C. 1033, affirmed 230 F. 2d 585 (C.A. 6), affirmed 353 U.S. 180; American Automobile Association v. United States, 367 U.S. 687; Automobile Club of New York, Inc., 32 T.C. 906; United Grocers, Ltd. v. United States, 186 F. Supp. 724 (N.D. Cal.), amended-F. Supp. -; United Retail Grocers Association, 19 B.T.A. 1016; Jockey Club, 30 B.T.A. 670, affirmed 76 F. 2d 597 (C.A. 2). Petitioner contends, however, that its fees are exempt as “contributions] to * * * [its] capital” under section 118 of the 1954 Code[2] or as money received “in exchange for [its] stock” under section 1032(a).[3] We think neither of these provisions “specifically exempt[s]” (Glen-shaw Glass) the so-called membership fees before us. The mere fact that petitioner is theoretically a membership corporation or that its memberships may be designated as “securities” under California law for certain purposes is not determinative of the issue under the Federal statute. The important consideration relates more to the real nature of these fees than to the theoretical status of the members. We are satisfied that the dominant if not the only purpose for which members “joined” petitioner and paid the requisite fee was to be permitted to shop at petitioner’s stores where they expected to obtain bargains. While it is true, as petitioner insists, that the members (or some classes of members) had a right to elect the board of directors and to share in the distribution of assets upon liquidation, these appear to be exceedingly minor considerations when examined in proper context. The $2 or $3 fee, though substantial in the aggregate to petitioner, was comparatively small to the individual. Members were not entitled to share in the profits of the enterprise nor to receive distributions of any kind during the life of petitioner. And since memberships were not assignable and terminated with death of the individual, neither the member nor his estate was assured of any share in a possible future distribution upon liquidation. It is difficult for us to believe that the remote possibility of participating in any such distribution upon liquidation was a factor of any consequence in relation to the payment of the comparatively small fees here in issue. Moreover, memberships were subject to revocation by the board of directors “for cause” prior to July 23,1956, and “for any cause deemed sufficient” by the board thereafter. ISTo certificates of membership were issued other than a wallet-size card which in substance was little more than a pass to gain admittance to petitioner’s stores. Although petitioner’s bylaws granted the right to vote for the board of directors to all of its members (regular and honorary) prior to July 23,1956, and to only one class (life) thereafter, such right in practice was more theoretical than real. It seems clear on this record that petitioner was organized, controlled by, and to a certain extent operated for the benefit of a small group of men, particularly Harvey Binns (a non-dues-paying “honorary member”), and that a realistic appraisal of all the facts could hardly justify treating the members as stockholders who had invested their capital in petitioner. We do not suggest that the membership fees were utterly lacking in any indicia of capital. But it does seem plain to us that they were paid predominantly for the privilege of shopping at petitioner’s stores and using its facilities. As such they were not exempt under either section 118 or section 1032. They were not a “contribution to the capital of the taxpayer” (sec. 118) and they certainly were not paid “in exchange for stock” (sec. 1032). What was said by the Court of Appeals for the Third Circuit in a somewhat different context in Teleservice Co. of Wyo. Val. v. Commissioner, 254 F. 2d 105, 112, affirming 27 T.C. 722, is also pertinent to any candid consideration of petitioner’s membership fees: Analysis of the substance rather than the semblance of the relationship existing between the taxpayer and its customers in the light of the principle that “taxation is an intensely practical matter” inescapably discloses that the relationship was that of seller-customer * * *. The initial payment made by a customer was the admission price which he paid for his individual enjoyment of the taxpayer’s facilities and in no sense could it be regarded as a contribution to community participation. Only he who bought a ticket could “go for the ride.” In the instant case, only he who purchased a membership card could have the opportunity to shop for bargains, real or fancied, at petitioner’s department stores. We hold that the respondent correctly determined that the receipt of membership fees by petitioner constituted taxable income. Decision will be entered for the respondent. This is the amount upon which the deficiency for 1957 was based. However, the stipulation of facts shows that the fees for that year were in the amount of $89,186; the difference remains unexplained. SEC. 118. CONTRIBUTIONS TO THE CAPITAL OF A CORPORATION. (a) Geneeal Ruin. — In the ease of a corporation, gross Income does not Include any contribution to the capital of the taxpayer. SEC. 1032. EXCHANGE OF STOCK FOR PROPERTY. (a) Nonebcognition oit Gain oe Loss. — No gain or loss shall be recognized to a corporation on the receipt of money or other property in exchange for stock (Including treasury stock) of such corporation.